**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| TRUSTEES OF THE N.E.C.A - IBEW LOCAL 176 HEALTH, WELFARE, PENSION, VACATION, AND TRAINING TRUST FUNDS, )<br>)<br>)<br>)<br>            Plaintiff,      )<br>   -vs-                         )<br>)<br>KEVIN ELECTRIC COMPANY, INC. )<br>an Illinois Corporation and    )<br>PAUL CALIBAN, Individually,   )<br>)<br>            Defendants.    ) | Case No. 07 CV 7259<br><br>Judge Der Yeghiayan<br>Magistrate Judge Brown |

**ANSWER TO COMPLAINT**

**NOW COMES** the Defendant, KEVIN ELECTRIC COMPANY, INC. ("Kevin Electric"), an Illinois Corporation, and for its Answer to the Complaint filed by TRUSTEES OF THE N.E.C.A. - IBEW LOCAL 176 HEALTH, WELFARE, PENSION, VACATION AND TRAINING TRUST FUNDS ("Trust Funds"), state as follows:

1.      (a)     Jurisdiction of this cause is based upon Section 301 of the National Labor Relations Act as amended, 29 U.S.C. 185(a), as hereinafter more fully appears.

**ANSWER:    Kevin Electric admits that jurisdiction is based upon Section 301 of the National Labor Relations Act but denies liability thereunder.**

        (b)     Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. 1132 ("ERISA"), as hereinafter more fully appears.

**ANSWER:    Kevin Electric admits that jurisdiction is based upon Section 502 of ERISA but denies liability thereunder.**

2.      (a)     The Plaintiffs are the TRUSTEES OF THE N.E.C.A.-IBEW LOCAL 176 HEALTH, WELFARE, PENSION, VACATION AND TRAINING TRUST FUNDS.

**ANSWER:    Kevin Electric admits the allegations made in this ¶2(a).**

(b)     The Pension Fund, Welfare Fund, and Vacation Fund (together called "the Funds" have been established pursuant to collective bargaining agreements heretofore entered into between the International Brotherhood of Electrical Workers Local 176 (the "Union") and certain employer associations whose members employ members of the Union, and the Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws.  The Funds are administered by the Plaintiffs as the presently acting trustees thereof, pursuant to the terms and provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws and the terms and provisions of the Agreements and Declarations of Trust which established the Funds.

**ANSWER:     Kevin Electric admits that the funds have been established pursuant to collect bargaining agreements entered into between the Union and certain employers associations whose members employ members of the Union.  Kevin Electric has insufficient information to admit or deny whether the Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act and other applicable state and federal laws and; therefore, deny these allegations.    Kevin Electric has insufficient knowledge to admit or deny whether the Funds are administered by the Plaintiffs as presently acting trustees thereof pursuant to the terms and provisions of the National Labor Relations Act and other applicable state and federal laws as well as the trust agreements which establish the Funds since Kevin Electric is not in possession of the trust agreements and there are no trustees listed as plaintiffs and; therefore, Kevin Electric denies these allegations.**

3.     (a)     Defendant, **KEVIN**, resides within this jurisdictional district.

**ANSWER:**   **Kevin Electric admits the allegations made in this paragraph 3(a)-(c).**

(b)   Defendant, **KEVIN**, is an employer engaged in an industry affecting commerce.

**ANSWER:**

(c)   Defendant, **KEVIN**, has its principal place of business located at 6140 W. 167th Street, Tinley Park, Illinois 60477.

**ANSWER:**   **Kevin Electric admits the allegations made in this paragraphs 3(a)-(c).**

4.   Since on or about October 11, 1990, Defendant, **KEVIN** executed a LETTER OF ASSENT, a copy of which is attached hereto, which authorized the Will County Division, Illinois Chapter of the National Electrical Contractors Association, Inc. (hereafter "NECA") as **KEVIN**'s collective bargaining representative for all matters contained in or pertaining to the collective bargaining agreement then in force, and thereafter, between NECA and the Union.

**ANSWER:**   **Kevin Electric admits the allegations made in this paragraph 4.**

5.   Since before 1972, NECA, a multi-employer bargaining association authorized to negotiate and execute collective bargaining agreements on behalf of its members and authorizing employers, has entered into successive collective bargaining agreements with the Union on behalf of its members, including Defendant **KEVIN**.

**ANSWER:**   **Kevin Electric denies the allegations made in this paragraph 5.**

6.   By virtue of certain provisions contained in the collective bargaining agreements and Declarations of Trust, Defendant has agreed to make fringe benefit contributions on behalf of certain employees, calculated in relation to the gross wages of said employees, and when given reasonable notice by the Trustees of said Funds or the Trustees' representatives, has agreed to submit its books and records to an independent auditor to determine whether or not said

Defendant is in compliance with its duties under ERISA, 29 U.S.C. §1132(g)(2)(A), the various collective bargaining agreements and the Declarations of Trust to which Defendant has assented.

**ANSWER:    Kevin Electric admits the allegations made in this paragraph 6.  Answering further, Kevin Electric states that it has complied with all of its obligations.**

7.    In the event a delinquency is shown to be due and owing, Defendant has agreed to be liable for all costs, ten percent delinquency penalty and reasonable attorney's fees.

**ANSWER:    Kevin Electric has insufficient knowledge to admit or deny these allegations since it does not have the collective bargaining and trust agreements; therefore, it denies the allegations made in this paragraph 7.**

8.    Independent of said Declarations of Trust to which Defendant has assented Defendant is liable for costs pursuant to 29 U.S.C., 1132(g)(2)(E), a twenty percent penalty in liquidated damages pursuant to 29 U.S.C. 1132(g)(2)(C)(ii), attorneys' fees pursuant to 29 U.S.C. 1132(g)(2)(D), and prejudgment interest pursuant to 29 U.S.C. 1132(g)(2)(B).

**ANSWER:    Kevin Electric admits that said statues provide for an award of said damages, but denies that  it is so liable since it has complied with obligations.**

9.    Since on or about October 11, 1990, Defendant, **KEVIN**, has admitted, acknowledged and ratified the collective bargaining agreements entered into between NECA and the Union by the filing of periodic report forms with the Funds and by making some but not all of the periodic payments to the Funds as required by such agreements.

**ANSWER:    Kevin Electric denies that it has not made all of the periodic payments to the Funds as required by such agreements.  Answering further, Kevin Electric  admits the remaining allegations made in this paragraph 9.**

10. Plaintiffs are advised and believe that since on or about September 1, 2000, Defendant, **KEVIN**, has failed to make some of the contributions from time to time required to be paid by it to the Funds pursuant to the terms of the collective bargaining agreements by which it was bound, all in violation of its contractual obligations and its obligations under the applicable state and federal statutes.

**ANSWER:** **Kevin Electrics denies the allegations made in this paragraph 10.**

11. Plaintiffs have made demand for an audit to be performed on Defendant **KEVIN** complete books and records, but the audit remains unresolved.

**ANSWER:** **Kevin Electrics denies the allegations made in this paragraph 11.**

12. By virtue of the foregoing, Plaintiffs and Defendant's employees on whose behalf Plaintiffs are acting as fiduciaries have been damaged in an amount yet to be determined.

**ANSWER:** **Kevin Electrics denies the allegations made in this paragraph 12.**

**Affirmative Defense**

1. This Court lacks subject matter jurisdiction since Plaintiffs are not enumerated parties who can bring an action to enforce the terms of a plan.

WHEREFORE, Defendant prays that this Honorable Court dismiss Plaintiff's Complaint with prejudice and for such other relief deemed just and equitable.

## COUNT II

**Kevin Electric does not make any Answer to Count II since Count II is not directed to it.**

          Respectfully submitted,

          KEVIN ELECTRIC COMPANY, INC.

    By:    /s/ Joseph P. Berglund
          Joseph P. Berglund, One of Its Attorneys

Joseph P. Berglund
Kenneth M. Mastny
BERGLUND & MASTNY, P.C.
900 Jorie Blvd., Suite 122
Oak Brook, Illinois 60523
(630) 990-0234