IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE N.E.C.A. - IBEW LOCAL 176 HEALTH, WELFARE, PENSION, VACATION, AND TRAINING TRUST FUNDS,<br><br>      Plaintiffs,<br><br>vs.<br><br>KEVIN ELECTRIC COMPANY, INC., an Illinois Corporation, and PAUL CALIBAN, Individually,<br><br>      Defendants. | No.   07 C 7259<br><br>Judge: Der-Yeghiayan |

## JOINT INITIAL STATUS REPORT

Plaintiffs, TRUSTEES OF THE N.E.C.A. -IBEW LOCAL 176 HEALTH, WELFARE, PENSION, VACATION, AND TRAINING TRUST FUNDS ("The Funds"), and Defendants, KEVIN ELECTRIC COMPANY, INC., an Illinois Corporation ("KEVIN"), and PAUL CALIBAN, Individually ("CALIBAN") (CALIBAN is apparently deceased, and Plaintiffs will move to dismiss as against him at the first Status Hearing in the case), for their Joint Initial Status Report, state as follows:

The attorneys of record for each party, including the attorney(s) expected to try the case, are:

    Attorney for Plaintiffs:    John F. Etzkorn, Arnold and Kadjan, 19 W. Jackson Blvd., Suite 300, Chicago, IL 60604, trial counsel.

    Attorney for Defendants:    Joseph P. Berglund, Berlund & Mastny, P.C., 900 Jorie Blvd., Suite 122, Oak Brook, IL 60523, trial counsel.

1. **The nature of the claims and counterclaims.**

Plaintiffs assert that the corporate Defendant is bound, through labor agreements incorporating Trust Agreements, and ERISA, to contribute fringe benefits to Plaintiffs as a

1

component of employee wages and that an audit has been demanded but full records have been refused, and the audit must be completed to ascertain whether the corporate Defendant has complied with its contribution obligations. The audit has been scheduled, and partially performed, as incomplete records were again produced, for the second time, at the audit review of February 15, 2007; a return trip is scheduled for February 22, 2008, hopefully to complete the field work, after which a report will be produced. Plaintiffs will seek payment of all unpaid fringe benefit contributions, plus 10% liquidated damages, audit costs and attorneys' fees and costs and interest on the unpaid contributions.

Kevin asserts that it was not necessary for this lawsuit to be filed. In support, Kevin states that it received a letter from Plaintiffs' counsel dated April 6, 2005 which advised Kevin that suit would be filed in 7 days if records were not provided to update the audit pending at that time. Kevin further asserts that it promptly advised Plaintiffs' counsel in writing on April 12, 2005 that all records were produced and in support Kevin attached a sign-off sheet from Plaintiffs' accountant. Kevin asked for Plaintiffs' counsel to contact it but received no response and believed the matter was resolved until this lawsuit was filed over 2 ½ years later on December 27, 2007.

Plaintiffs reply that in two audit visits, Kevin has still failed and refused to provide complete records as required by the applicable labor agreements, and was so advised by both Plaintiffs' attorneys and their auditors. The sign-off sheet specifically notes further records were required and, to date, they have not been produced.

2.    **Relief sought by Plaintiff**

Plaintiffs seek production of the books and records required by the applicable labor agreements to a fringe benefit contribution compliance audit. If the audit shows a delinquency which cannot be resolved cooperatively, Plaintiffs will seek a judgment for all unpaid fringe benefit contributions, plus 10% liquidated damages, audit costs and attorneys' fees and costs and interest on the unpaid contributions, pursuant to the applicable labor agreements and ERISA.

3.    **Names of Parties Not Served**

Kevin has been served, and has appeared and answered. Caliban is apparently deceased, and Plaintiffs will move for his dismissal at the first status hearing.

4.    **The principal legal issues.**

Plaintiffs believe there are none; Kevin believes Plaintiffs may lack standing to bring this action in the name of the Trustees and should bring it in the name of one or more specific Trustees.

5.    **The principal factual issues.**

The amount of contributions due, and any defenses asserted by Defendants; Kevin asserts that whether it refused to submit to an audit is an issue, Plaintiffs believe it is irrelevant and a distraction from providing the records required to complete the audit.

6.  **Pending Motions and Summary of their Bases**

None pending. Kevin believes Plaintiffs may lack standing to bring this action in the name of the Trustees and should bring it in the name of one or more specific Trustees; Plaintiffs believe that is not the state of the law. The parties wish to defer motion practice on this issue until after the audit is completed to ascertain whether the case may be expeditiously resolved.

7.  **Discovery Requested and Exchanged**

None as of yet. The audit is actually a document production. The parties wish to defer further formal discovery until after the audit is completed to ascertain whether the case may be expeditiously resolved.

8.  **Type of Discovery Needed**

The parties cannot ascertain the scope and type of discovery which will be needed until after the audit has been completed, hopefully within the next few weeks.

9.  **Proposed Dates**

Rule 26(a)(1) Disclosures – March 31, 2008
Fact Discovery Completion – June 30, 2008
Expert Discovery Completion – August 15, 2008
Filing of Dispositive Motions – September 2, 2008
Filing of Final Pre-Trial Order – 21 days after ruling on dispositive motions

10. **Estimation when ready for trial**
21 days after submission of Final Pre-Trial Order

11. **Probable length of trial**

One to two days.

12. **Whether a jury trial has been or is expected to be demanded by any party.**

No.

13. **The status of any settlement discussions.**

Until the audit has been completed, settlement cannot be realistically discussed.

14. **Whether the parties consent unanimously to proceed before a Magistrate Judge.**

No.

AGREED AND APPROVED:

| | |
|---|---|
| TRUSTEES OF THE N.E.C.A.-IBEW LOCAL 176 HEALTH, WELFARE, PENSION, VACATION AND TRAINING TRUST FUNDS, Plaintiffs | KEVIN ELECTRIC COMPANY, INC., An Illinois Corporation, Defendant |
| By   s/ John F. Etzkorn<br>One of Their Attorneys | s/ Joseph P. Berglund<br>One of Its Attorneys |
| Dated: | Dated: |
| 02-24-08 | 02-24-08 |